**BANTLE & LEVY LLP**

ATTORNEYS AT LAW

99 PARK AVENUE, SUITE 1510

NEW YORK, NEW YORK 10016

ROBERT L. LEVY
LEE F. BANTLE
SHERIE N. BUELL
DAVID KRAUSS

TEL 212.228.9666
FAX 212.228.7654

October 22, 2024

Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: <u>Fein v. City of New York, et al., 23-cv-5306 (JLR) – Plaintiff's Letter Motion for Discovery Conference</u>

Dear Judge Rochon:

  Plaintiff submits this letter motion requesting a discovery conference pursuant to Local Civil Rule 37.2 and Rule 2(E) of this Court's Individual Rules, in order to raise two discovery issues. **<u>First</u>**, Defendants' May 3, 2024 responses to Plaintiff's March 13 document requests and interrogatories were deficient in several respects; and after several meet-and-confer sessions, Defendants still have not served the necessary supplementary discovery responses and production. **<u>Second</u>**, with just over one month remaining in fact discovery, Defendants still have not confirmed deposition dates for several key witnesses. Plaintiff intends to seek an order compelling Defendants to produce certain responsive data and confirm dates for depositions.

  **I.** **Delay in Producing Relevant Data**

  Defendants have delayed significantly in producing crucially relevant data, apparently due to staffing challenges in the City Law Department. At this stage, Defendants do not appear to object to producing the data at issue – rather, they report that they are too busy to do so.

  On June 10, 2024, Plaintiff served a deficiency letter regarding Defendants' May 3 discovery responses and asked to schedule a meet and confer. In late June, prior counsel for Defendants left the Law Department. Current counsel Yi Liu initially requested time to familiarize himself with the case. Mr. Liu was not able to discuss the deficiency letter until August 22.

In the interest of streamlining discovery, Plaintiff offered compromises in a series of meet and confer sessions (on 8/22, 9/12, and 9/27) to ease Defendants' burden – even though, staffing issues aside, the discovery requests at issue were not burdensome.

While Defendants have provided limited follow-up discovery in response to some of the issues raised in the deficiency letter, there are still important unresolved issues. With respect to these issues, Mr. Liu has agreed in principle to provide updated responses and productions and has agreed to interim deadlines, which he has consistently missed, citing his workload.

At this point – about four months after Plaintiff initiated a meet and confer process, and just over one month before the fact discovery cutoff of November 25, 2024 – Defendants' delay has become denial of basic, crucially relevant information. Below are the outstanding discovery items.

(1) **Interrogatories No. 9-11: Witnesses Who Participated in Adverse Actions.** In these interrogatories, Plaintiff requests the names of witnesses who made the decisions to take adverse actions against Plaintiff – specifically, the decisions to stop paying Plaintiff (No. 9), terminate her health insurance (No. 10), and terminate her employment (No. 11).

In their May 3, 2024 responses, Defendants asserted a number of inappropriate objections, including that the identities of these witnesses were attorney-client privileged. In her deficiency letter, Plaintiff provided legal authority indicating that these objections were invalid.

Defendants have agreed to provide this information in updated interrogatory responses, but they have not done so. Most recently, on October 4, Mr. Liu represented that he had prepared the responses but had forgotten to verify them. As of today, Defendants have provided neither the updated responses nor the verifications.

(2) **Document Request No. 49: Telework Accommodations Data.** Request No. 49 seeks "[a]ny documents quantifying or addressing the number of DFTA employees working remotely (in whole or in part) at any point from September 2021 to the present, including any documents quantifying or addressing the number of those allowed to work remotely because of a disability." Plaintiff has agreed to narrow this request to the total number of telework disability accommodation requests granted/extended and denied/non-renewed after the City's return-to-office mandate in September 2021.

This evidence is relevant both to Defendants' undue burden defense and to Plaintiff's theory that Defendants categorically denied all telework disability accommodation requests by DFTA employees without the individualized inquiry that the relevant anti-discrimination statutes require. *See Vangas v. Montefiore Med. Ctr.*, 6 F. Supp. 3d 400, 419 (S.D.N.Y. 2014) (finding a material dispute of fact as to a claim for denial of a work-from-home accommodation based on evidence that the employer permitted other employees to work from home).

Defendants have agreed to produce this data. Most recently, Plaintiff granted Defendants an extension until October 18, based on Defendants' representation that this data was only available in paper documents and required labor-intensive manual review. On September 30,

Plaintiff notified Defendants that an e-mail they produced in discovery clearly indicates that this information is stored in a City government electronic database. In the e-mail, deposition witness and EEO official Kim Hernandez states, "DCAS Complaint Database: All Reasonable Accommodations are input in database." Nonetheless, Defendants have continued to insist that this data is only stored in paper documents. In any case, Defendants missed the October 18 deadline without explanation.

## II.   Failure to Make Witnesses Available for Deposition

Plaintiff first noticed depositions on August 12 and on August 22 proposed deposition dates for the following witnesses: Caroline Hoyos, Lorraine Cortez-Vasquez, Heava Lawrence-Challenger, Eileen Mullarkey, Kim Hernandez, and Sade McIntosh. Defendants still have not confirmed deposition dates for Plaintiff's direct supervisors Caroline Hoyos and Eileen Mullarkey, or the for the key decisionmaker who denied Plaintiff's disability accommodation request, Heava Lawrence-Challenger.

On September 24, Plaintiff served a deposition notice under F.R.C.P. 30(b)(6) to cover several factual issues, including information technology matters relevant to a defense discussed in prior filings, *see* February 16, 2024 Joint Letter, and COVID risks to DFTA employees during the pandemic. In the parties' September 27 meet and confer, Defendants offered to provide the names of witnesses with relevant information by October 4. Defendants missed the October 4 deadline without explanation.

Particularly concerning is Defendants' failure to provide a date for Lawrence-Challenger's deposition. In the September 27 meet and confer, Mr. Liu stated that Lawrence-Challenger was on medical leave and that he did not know when the leave would end. We requested further information on the length of her leave, to determine if and when she would be available for deposition, but the City has not provided any update.

Lawrence-Challenger is a crucial witness. E-mails Defendants produced in discovery indicate that Lawrence-Challenger is personally responsible for denying the accommodation request at issue. Moreover, Lawrence-Challenger is a named defendant in this case.

Plaintiff will be seriously hindered in making her case and defending against any summary judgment motion without Lawrence-Challenger's crucial testimony. *See DiBella v. Hopkins*, No. 01 Civ. 11779, 2002 U.S. Dist. LEXIS 19844, at *2 (S.D.N.Y. Oct. 16, 2002) (denying defendant's motion for summary judgment on the basis that the named defendant had been unavailable for deposition); *see also Mid Atl. Framing, LLC v. Ava Realty Ithaca, LLC*, No. 13 Civ. 01376, 2018 U.S. Dist. LEXIS 52857, at *22 (N.D.N.Y. Mar. 29, 2018) (striking defense witness's declaration submitted at summary judgment because defendant had not made the witness available for deposition).

Accordingly, Plaintiff intends to seek an order compelling Defendants to serve supplemental interrogatory responses, produce telework accommodations data, and confirm dates for depositions.

Dated: October 22, 2024
       New York, New York

Defendant has not filed any response to this letter, despite being provided an extension to do so. The Court will hold a conference on **November 7, 2024** at 10:30am. Defendant is ordered to provide a response to this letter with its positions on the various requests by **November 4, 2024**.

Dated: October 31, 2024
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Respectfully submitted,

BANTLE & LEVY LLP

By:  /s/ *Julio Sharp-Wasserman*
     Lee F. Bantle
     Julio Sharp-Wasserman
     99 Park Avenue, Suite 1510
     New York, New York 10016
     Tel: 212.228.9666
     bantle@civilrightsfirm.com

Washington Square Legal Services, Inc.,

By:  /s/ *Laura Sager*

     Laura Sager
     Washington Square Legal Services, Inc.
     245 Sullivan Street, Fifth Floor
     New York, New York 10012
     (212) 998-6442
     laura.sager@nyu.edu

*Attorneys for Plaintiff*